# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. 1:12-cr-00255 |
| ) | |
| v. ) | Honorable Liam O'Grady |
| ) | |
| JOSE BENITEZ-PINEDA, ) | Sentencing Hearing: December 7, 2012 |
| also known as "Jose Wilmar Nolasco" ) | |
| and "Bonny," ) | |
| ) | |
| Defendant. ) | |

### POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING AND MOTION FOR ONE-LEVEL REDUCTION PURSUANT TO U.S.S.G § 3E1.1(b)

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, Sean P. Tonolli, Assistant United States Attorney, and Scott B. Nussbum, Special Assistant United States Attorney, respectfully submits this Position of the United States With Respect to Sentencing and Motion for One-Level Reduction Pursuant to U.S.S.G.§ 3E1.1(b). For the reasons that follow, a sentence of 70 months would be reasonable and appropriately account for each of the factors set forth in 18 U.S.C. § 3553(a). The government does not seek a fine in this matter. However, a $100 mandatory special assessment is required.

### BACKGROUND

On August 28, 2012, the defendant pleaded guilty to Count Two of the Superseding Indictment, which charges him with conspiracy to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. In accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guideline sentencing, the United States hereby represents that the government does not dispute any of the sentencing factors set forth in the PSR or the

calculation of the recommended guidelines range, that is, 70 to 87 months. The government further moves for a one-level reduction of the defendant's sentencing guidelines level pursuant to U.S.S.G § 3E1.1(b) in recognition of the defendant's timely guilty plea.

Given the Court's in-depth familiarity with the workings of the conspiracy from having presided over the guilty pleas of numerous co-conspirators, as well as the detailed account contained in the Probation Office's presentence report ("PSR"), the government will not reiterate all the underlying facts. The government submits that the co-conspirators most similarly situated to the defendant who have been sentenced to date are Wilsson Guevara (1:12-cr-00245) and Genis Amaya-Pena (1:12-cr-00332), who received respective sentences of 72 months and 70 months. All three received cocaine directly from sources of supply in Honduras, which differentiates them from the many street-level dealers convicted in this case, but the amounts they received were smaller than the higher-level members of the conspiracy. The defendant himself does not appear to have received five kilograms of the drug over the course of his involvement, though he knew full well that the conspiracy as a whole trafficked in at least that amount. Like Mr. Amaya-Pena, long before the defendant was charged in this case, he was arrested in Fairfax County for distributing cocaine. PSR ¶¶ 175, 183. It did not deter him.

## ARGUMENT

Even though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 125 S. Ct. 738, 767 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and

those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553 states that the Court should consider the nature and circumstances of the offense and characteristics of the defendant. The Court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The crime for which the defendant stands convicted unquestionably is serious, as the trafficking of cocaine imposes enormous costs on individuals, families, and the community, including the costs associated with law enforcement, corrections, medical treatment, and substance abuse treatment. The government therefore submits that a sentence of 70 months, which is the low-end of the advisory guidelines range, will reasonably and appropriately account for all the factors set forth in 18 U.S.C. § 3553(a). Such a sentence would provide significant deterrence for this defendant, while also communicating the seriousness and dangerousness of this offense to the public and to others engaged in similar criminal conduct.

## CONCLUSION

For all of the above reasons, the United States respectfully submits that a sentence of 70 months would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

                Respectfully submitted,

                NEIL H. MACBRIDE
                United States Attorney

                _/s/_____
                SEAN P. TONOLLI
                Assistant United States Attorney
                SCOTT B. NUSSBUM
                Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2012, I provided an electronic copy of the foregoing pleading to the United States Probation Officer and filed electronically the same using the CM/ECF system, which will send a notification of such filing (NEF) to the following defense counsel of record:

Joseph John McCarthy
Delaney McCarthy & Colton PC
510 King St
Suite 400
Alexandria, VA 22314
mccarthy@lawdmc.com

    __/s/_____
    Sean P. Tonolli
    Assistant United States Attorney
    Attorney for United States
    U.S. Attorney's Office
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: 703-299-3700
    Fax: 703-837-8242
    Email Address: sean.tonolli@usdoj.gov